UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LELAND A. RIDGLEY, | Case No. 1:11-cv-00563-BLW |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOHANNA SMITH, Warden, | |
| Respondent. | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Dkt. 11.) The Court finds that oral argument is not necessary to resolve this matter, and for the reasons to follow, it will grant Respondent's Motion and dismiss, as procedurally defaulted, all claims in the Petition except Claim 1(a)-(c).

## BACKGROUND

In 2002, Petitioner pled guilty in state district court to one count of lewd conduct with a child under the age of sixteen. (State's Lodging A-1, pp. 20-23.) Before sentencing, Petitioner filed a motion to withdraw his guilty plea, alleging that his counsel had not adequately advised him prior to his decision to enter a guilty plea. (State's Lodging A-1, pp. 33-38.) After holding a hearing, the district court denied the motion and then sentenced Petitioner to life in prison with 10 years fixed. (State's Lodging A-1, pp. 45-49, 77-80.)

MEMORANDUM DECISION AND ORDER - 1

On appeal, Petitioner argued, on state law grounds, that the district court abused its discretion in not allowing him to withdraw his guilty plea and in imposing an excessive sentence. (State's Lodging B-1.) The Idaho Court of Appeals affirmed the lower court's denial of the motion to withdraw and upheld its sentence. (State's Lodging B-3.) Petitioner did not submit a petition for review in the Idaho Supreme Court. (State's Lodging B-4.)

In 2005, Petitioner filed an application for post-conviction relief in state district court, alleging that his trial counsel's performance was deficient on a number of grounds, including because counsel failed to seek a competency evaluation of Petitioner despite knowing that he was severely depressed due to his wife's recent death. (State's Lodging C-1, pp. 3-7.) The district court dismissed the application summarily, and Petitioner appealed. (State's Lodging C-1, pp. 105-11, 152-62.)

The Idaho Court of Appeals affirmed the district court's dismissal of five claims of ineffective assistance of counsel, but it reversed the court's dismissal of the claim alleging that counsel failed to seek a competency evaluation. (State's Lodging D-3, pp. 1-6.) The Idaho Supreme Court granted the State's petition for review and affirmed the trial court's order granting summary dismissal on all claims of ineffective assistance of counsel. (State's Lodging D-9.)

Petitioner also pursued a state petition for a writ of habeas corpus on similar grounds, which was dismissed by the district court. (State's Lodging E-1, pp. 16-41.) The Idaho Court of Appeals affirmed the dismissal, and Petitioner did not seek review in the

**MEMORANDUM DECISION AND ORDER - 2**

Idaho Supreme court. (State's Lodging E-1, pp. 56-58; E-2.)

Petitioner next filed his Petition for Writ of Habeas Corpus in this Court. (Dkt. 3.) In his Petition, he raises constitutional claims that all appear to be based on a central allegation that he was not mentally competent to enter a knowing and voluntary guilty plea in state court because of his severe depression. (*Id.* at 2-3.) In particular, the Court agrees with Respondent's construction of the Petition as raising the following four claims: (1) ineffective assistance of trial counsel, with subparts (a)-(d); (2) a violation of Petitioner's Sixth Amendment right to confront his accusers; (3) ineffective assistance of appellate counsel; and (4) a violation of Petitioner's due process rights based on the district court's failure to allow a guilty plea to be entered without first ordering a competency evaluation. (*Id.* at 3-4.)

United States Magistrate Judge Mikel H. Williams conducted an initial review of the Petition and ordered the Clerk of Court to serve it on Respondent. (Dkt. 7.) Respondent has now filed a Motion for Partial Summary Dismissal, arguing that Petitioner failed to properly exhaust all claims in the state courts except claims of ineffective assistance of trial counsel based on counsel's failure to (a) address Petitioner's severe depression or to seek a competency evaluation before the guilty plea, (b) adequately investigate the case, and (c) adequately communicate with Petitioner. (Dkt. 11-1, p. 8.) According to Respondent, because it is to late to return to the state courts and exhaust the other claims now, they are procedurally defaulted and must be dismissed. (*Id.*) The case has been reassigned to the undersigned United States District Judge

**MEMORANDUM DECISION AND ORDER - 3**

because not all parties consented to a magistrate judge exercising jurisdiction. (Dkt. 23.)

As explained below, the Court agrees that, except for certain ineffective assistance of counsel claims, Petitioner did not fairly present his current habeas claims to the Idaho Supreme Court, and those claims are now procedurally defaulted.

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error, at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). The petitioner must clearly alert the state court to the federal constitutional provision that supports her claim, or she must rely on state or federal cases that apply the constitutional rule. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a habeas petitioner has not fairly presented a constitutional claim to the

**MEMORANDUM DECISION AND ORDER - 4**

highest state court, and it is clear that the state court would now refuse to consider it because of the state's firmly established procedural rules, the claim is said to have been procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman,* 501 U.S. at 750.

## DISCUSSION

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's constitutional claims is to review which claims were raised and addressed in the state court appellate proceedings.

During his direct appeal, Petitioner argued, in part, that the trial court should have granted his motion to withdraw his guilty plea. While Petitioner has raised similar *facts* in both state and federal court regarding his mental state before pleading guilty, he did not frame the *legal* issue before the Idaho Court of Appeals on direct appeal as one of federal constitutional dimension. He instead relied solely on Idaho's legal rules to contend that the trial court abused its discretion in denying the motion. To exhaust a federal

**MEMORANDUM DECISION AND ORDER - 5**

constitutional claim properly, a habeas petitioner must have presented the claim face up and squarely so that the state court will recognize the issue as having a federal basis. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Equally important, even if Petitioner did raise federal claims during the direct appeal, he did not seek review of the Idaho Court of Appeals' opinion in the Idaho Supreme Court, which is a prerequisite to satisfying the exhaustion requirement properly. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

During the post-conviction appeal, Petitioner raised constitutional issues of ineffective assistance of trial counsel. The Idaho Supreme Court characterized these allegations as follows:

> (1) that [Petitioner's] attorney met with [him] for less than one hour before [Petitioner] pled guilty; (2) that his attorney failed to provide [Petitioner] with a copy of the police report; (3) that his attorney failed to contact potential witnesses; (4) that his attorney failed to watch or listen to tapes of interviews of the victim; (5) that his attorney failed to advise [Petitioner] of potential defenses; and (6) that his attorney failed to take steps to determine whether [Petitioner's] severe grief and depression rendered him incompetent or unable to make a rational decision about pleading guilty.

(State's Lodging D-9, p. 4.) The Idaho Supreme Court then proceeded to address and deny the claims on the merits. (*Id*. at 5-9.) These claims correspond with Petitioner's current Claim 1, subclaims (a) - (c), in his Petition, and the Court agrees that Petitioner has properly exhausted those issues.

However, Petitioner raises one additional claim of ineffective assistance of counsel here, Claim 1(d), in which he contends that his trial counsel was deficient in waiving a

**MEMORANDUM DECISION AND ORDER - 6**

preliminary hearing. That claim was not presented to the Idaho Supreme Court and is now procedurally defaulted.

Finally, Petitioner raised numerous issues in a state habeas corpus petition, but the Idaho Court of Appeals upheld the lower court's dismissal on the ground that Petitioner was attempting to challenge his conviction and sentence improperly in a state habeas action rather than through a direct appeal and post-conviction proceeding. (State's Lodging E-2.) Petitioner does not assert that this procedural rule is not firmly established or consistently followed by the Idaho state courts. *See*, *e.g.*, *Dionne v. State*, 459 P.2d 1017, 1019 (Idaho 1969) (holding that the proper mechanism for challenging a conviction or sentence is via direct appeal or post-conviction action). In any case, Petitioner did not file a petition for review in the Idaho Supreme Court.

In his response, Petitioner contends that he did not default any claims because he offered the state courts a chance, generally, to correct errors before he arrived in federal court. Petitioner paints with much too broad a brush; he overlooks that he must present the *same* federal claims at *each* level of appellate review, including in the Idaho Supreme Court through a petition for review. Petitioner did not follow those necessary steps as to several of his current claims.

Accordingly, the Court concludes that Claims 1(d) (ineffective assistance for waiving preliminary hearing), 2 (right to confront accusers), 3 (ineffective assistance of appellate counsel), and 4 (trial court's failure to order a mental health evaluation before plea) are procedurally defaulted. These claims must be dismissed unless Petitioner can

**MEMORANDUM DECISION AND ORDER - 7**

establish cause and prejudice to excuse the default.[1]

To show "cause," a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Rather than direct the Court's attention to external barriers that may have prevented him from raising his claims in the state courts, Petitioner seems to take issue with Respondent's choice to file a motion that seeks dismissal on procedural grounds, and he argues about how Idaho inmates and defendants are generally treated unfairly. (Dkt. 14.) These are not reasons to excuse his failure to present all of the claims that he now wishes to raise in this Court in a procedurally proper manner at the appropriate time in state court. He does not offer any other potential cause for the default, and the Court has reviewed the record and found none.

For all of these reasons, Respondent's Motion for Partial Summary Dismissal will be granted.

## ORDER

1.     Respondent's Motion for Partial Summary Dismissal (Dkt. 11) is

---

[1] There is no compelling evidence in this record of Petitioner's actual innocence, and the fundamental miscarriage of justice exception to the doctrine of procedural default will not be discussed.

**MEMORANDUM DECISION AND ORDER - 8**

GRANTED. Claims 1(d), 2, 3, and 4 in the Petition are DISMISSED with prejudice.

2.      No later than 60 days from the date of this Order, Respondent shall file an answer to the remaining claims in the Petition. Respondent shall brief all claims within the answer.  Within 30 days of receiving Respondent's answer, Petitioner shall file a reply (formerly known as a traverse), and Respondent may file a sur-reply within 14 days of receiving Petitioner's reply. The Court does not wish to receive motions for summary judgment, and the matter will be at issue once the additional pleadings have been filed.

DATED:  **March 5, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**