UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LELAND A. RIDGLEY,<br><br>            Petitioner,<br><br>      v.<br><br>JOHANNA SMITH, Warden,<br><br>            Respondent. | Case No. 1:11-cv-00563-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Leland A. Ridgley's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed an Answer and Brief in Support of Dismissal (Dkt. 20), and Petitioner has filed a Reply (Dkt. 22). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on June 26, 2012; April 25, 2013; and May 9, 2013 (Dkt. 12, 19, 21). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Also pending is Petitioner's request that the Court reconsider its March 5, 2013 Order granting Respondent's motion for partial summary dismissal and dismissing all claims in the Petition except Claims 1(a)-(c).

Having carefully reviewed the record, including the state court record, the Court

**MEMORANDUM DECISION AND ORDER - 1**

finds that the parties have adequately presented the facts and legal arguments in the briefs

and record and that the decisional process would not be significantly aided by oral

argument. Therefore, the Court will decide this matter on the written motions, briefs and

record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

the following Order denying Petitioner's motion for reconsideration, denying the Petition,

and dismissing this case with prejudice.

## BACKGROUND

The facts underlying the conviction, as well as the procedural background of

Petitioner's criminal proceedings, are set forth clearly and accurately in *Ridgley v. State*,

227 P.3d 925 (Idaho 2010). Petitioner is currently serving a sentence of 10 years to life in

prison.

Petitioner pleaded guilty in the First Judicial District in Boundary County, Idaho,

to one count of lewd and lascivious conduct with a minor under the age of sixteen, in

return for the dismissal of other charges. Petitioner entered his plea on February 26, 2002,

only sixteen days after the death of his wife.[1] *Id.* at 927-28. However, before sentencing,

> Ridgley moved to withdraw his plea on the grounds that
> appointed counsel had not adequately represented and advised
> him prior to entry of the guilty plea, but the district court
> denied his motion. In an unpublished opinion, the Idaho Court
> of Appeals affirmed the district court's decision.

> On April 4, 2005, Ridgley filed a petition for

---

[1] Petitioner was initially suspected of being involved in the death of his wife, but those charges were later dropped.

**MEMORANDUM DECISION AND ORDER - 2**

post-conviction relief. Ridgley's petition alleged that his defense counsel's performance was deficient because counsel had met with him for less than one hour before Ridgley pled guilty, failed to provide Ridgley with a copy of the police report, failed to contact potential witnesses, failed to watch or listen to tapes of interviews of the victim, failed to advise Ridgley of potential defenses, and failed to take steps to determine whether Ridgley's severe grief and depression rendered him incompetent or unable to make a rational decision about pleading guilty.

The State answered the petition and, in its answer, moved for summary dismissal, arguing that the issues presented in Ridgley's petition were "essentially identical" to the issues advanced in support of Ridgley's earlier motion to withdraw his plea. After Ridgley requested a trial setting on his petition, the State renewed its motion for summary dismissal, again asserting that the bases for post-conviction relief advanced in the petition were identical to those that had been decided previously. The district court then issued notice of its intention to summarily dismiss the action pursuant to I.C. § 19-4906. In that notice, the district court observed that Ridgley had included a transcript of the testimony produced at the hearing on his motion to withdraw his guilty plea. In light of the evidence produced at that hearing—that Ridgley had told his attorney that he wished to plead guilty—the district court stated that there was an insufficient showing of deficient performance by trial counsel. The district court further observed that there was "a total lack of evidence that, but for counsel's alleged deficiencies, [Ridgley] would have insisted on going to trial."

Ridgley thereafter filed a response to the notice, supported by his affidavit and two other affidavits. These responsive filings focused on the final claim of ineffective assistance of counsel, i.e., counsel's failure to take steps to evaluate Ridgley's mental condition prior to his plea of guilty. In his affidavit, Ridgley averred that he informed his attorney that he was suffering from severe depression and did not understand the proceedings. He further averred that his

**MEMORANDUM DECISION AND ORDER - 3**

attorney did not discuss with him the possibility of obtaining an evaluation to determine his competence. He also asserted that, if successful in obtaining post-conviction relief, he intended to go to trial. Ridgley's attorney's first affidavit advanced his opinion that trial counsel's performance was objectively unreasonable and appended a report prepared by a psychologist, Dr. Jonelle Timlin. Dr. Timlin prepared this report approximately nine months after Ridgley pled guilty. After reviewing Ridgley's response, the district court summarily dismissed Ridgley's petition.

Ridgley appealed the district court's decision. The court of appeals affirmed the district court's dismissal of the first five claims of ineffective assistance of counsel. However, the court of appeals reversed the grant of summary dismissal regarding counsel's failure to request a competency evaluation prior to Ridgley's plea. This Court granted the State's petition for review.

*Id.* at 928.

The Idaho Supreme Court disagreed with the court of appeals with respect to the competency issue and affirmed the district court's judgment, albeit on different grounds than those given by the district court. *Id*. at 930-33.

Petitioner also pursued a state petition for a writ of habeas corpus on similar grounds, which was dismissed by the district court. (State's Lodging E-1, pp. 16-41.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court denied review. (State's Lodging E-2; F-3.)

Petitioner next filed the instant Petition, asserting several grounds for relief. On March 5, 2013, the Court granted Respondent's motion for partial summary dismissal and dismissed as procedurally defaulted all of Petitioner's claims except his claims of

**MEMORANDUM DECISION AND ORDER - 4**

ineffective assistance of counsel based on counsel's failure to (a) address Petitioner's severe depression or to seek a competency evaluation before the guilty plea, (b) adequately investigate the case, and (c) adequately communicate with Petitioner. (Dkt. 16.)

## MOTION FOR RECONSIDERATION

Petitioner asks the Court reconsider its previous ruling dismissing Claims 1(d), 2, 3, and 4 as procedurally defaulted. Courts have the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

The Court stated in its March 5, 2013 Memorandum Decision and Order that Petitioner, who filed a state habeas petition with in state court, did not petition for review of the Idaho Court of Appeals decision affirming the dismissal of that petition. Petitioner correctly states that he *did* file such a petition for review. The Court was mistaken because the petition for review was not lodged with the Court. Respondent has now supplemented the lodging of state court records to include the petition for review,

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner's brief in support of his petition for review, and the Idaho Supreme Court's

order denying the petition. (*See* Dkt. 19.)

However, the fact that Petitioner filed a petition for review regarding his state

habeas petition does not alter the Court's conclusion with respect to procedural default.

The Court's analysis on this issue was as follows:

> Finally, Petitioner raised numerous issues in a state
> habeas corpus petition, but the Idaho Court of Appeals upheld
> the lower court's dismissal on the ground that Petitioner was
> attempting to challenge his conviction and sentence
> improperly in a state habeas action rather than through a
> direct appeal and post-conviction proceeding. (State's
> Lodging E-2.) Petitioner does not assert that this procedural
> rule is not firmly established or consistently followed by the
> Idaho state courts. *See*, *e.g.*, *Dionne v. State*, 459 P.2d 1017,
> 1019 (Idaho 1969) (holding that the proper mechanism for
> challenging a conviction or sentence is via direct appeal or
> post-conviction action). In any case, Petitioner did not file a
> petition for review in the Idaho Supreme Court.

(Dkt. 16 at 7).

The Court incorrectly stated that Petitioner did not petition for review with respect

to his state habeas petition only after it had already held that Claims 2, 3, and 4 were

procedurally defaulted because Petitioner (1) had not raised any federal claims in his

direct appeal, and (2) had not filed a petition for review of the Idaho Court of Appeals'

decision on direct appeal. (*Id*. at 6.) Additionally, Claim 1(d), a claim of ineffective

assistance of counsel based on counsel's waiver of a preliminary hearing, was

procedurally defaulted because it was not raised on appeal from the trial court's dismissal

**MEMORANDUM DECISION AND ORDER - 6**

of Petitioner's postconviction petition. (*Id*. at 6-7.) Finally, that the Court was mistaken in its belief that Petitioner had not petitioned for review with respect to his state habeas petition does not change the fact that the Idaho Court of Appeals upheld the dismissal of that petition based on an adequate and independent state procedural bar. (*Id*. at 7.)

Therefore, although Petitioner is correct that he did, in fact, petition the Idaho Supreme Court for review of the Idaho Court of Appeals' decision upholding the dismissal of his state habeas petition, all of the claims except Claims 1(a), 1(b), and 1(c) are still procedurally defaulted. The Court sees no cause to reconsider its prior Order.

## MERITS DISCUSSION OF CLAIMS 1(a), 1(b), AND 1(c)

### 1.    Standard of Law

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is generally limited to instances where the state court's adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly

**MEMORANDUM DECISION AND ORDER - 7**

established Federal law, as determined by the
Supreme Court of the United States; or

(2)    resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

28 U.S.C. § 2254(d).

When a party contests the state court's legal conclusions, including application of

the law to the facts, § 2254(d)(1) governs. Section 2254(d)(1) has two clauses, each with

independent meaning. That section consists of two alternative tests: the "contrary to" test

and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established

federal law "if the state court applies a rule different from the governing law set forth in

[the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court]

[has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694

(2002).

Under the second test, to satisfy the "unreasonable application" clause of

§ 2254(d)(1) the petitioner must show that the state court—although identifying "the

correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably

applie[d] it to the facts of the particular state prisoner's case." *Williams v. Taylor*, 529

U.S. 362, 407 (2000). A federal court cannot grant habeas relief simply because it

concludes in its independent judgment that the decision is incorrect or wrong; rather, the

**MEMORANDUM DECISION AND ORDER - 8**

state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. The standard of § 2254(d) is onerous and is satisfied only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

**MEMORANDUM DECISION AND ORDER - 9**

The United States Court of Appeals for the Ninth Circuit has identified four types of unreasonable factual determinations in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when state courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective"; or (4) when state courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim." *Taylor v. Maddox*, 366 F.3d 992, 1000-01 (9th Cir. 2004). If the state court's decision was based on an unreasonable determination of the facts, then the Court is not limited by § 2254(d)(1), but proceeds to a de novo review of the petitioner's claims, which may include consideration of evidence outside the state court record. *Maxwell v. Roe*, 628 F.3d 486, 494-95 (9th Cir. 2010).

**2.      Standard of Law for Ineffective Assistance of Counsel Claims**

The standard for ineffective assistance of counsel claims was identified in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the

**MEMORANDUM DECISION AND ORDER - 10**

"reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

If a petitioner shows that counsel's performance was deficient, the next step is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. As the *Strickland* Court instructed:

> In making this determination, a court hearing an

**MEMORANDUM DECISION AND ORDER - 11**

ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96. To show prejudice based on deficient performance of counsel in a case where, as here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d)(1), the Court's review of that claim is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

**3.     Analysis of Claims 1(b) & 1(c): Counsel's Investigation of the Case and Counsel's Communication with Petitioner**

In its opinion affirming the district court's denial of state postconviction relief, the Idaho Supreme Court addressed only the prejudice prong of the *Strickland* analysis. The court appropriately cited *Strickland* and *Hill* and determined that Petitioner had not established "a causal connection between the alleged deficiencies of his attorney's

**MEMORANDUM DECISION AND ORDER - 12**

performance and his decision to plead guilty":

> In the present case, Ridgley did not attempt to show that the relatively brief contact with his trial attorney contributed to his decision to plead guilty or that greater contact may have dissuaded him from pleading guilty. *He did not show that information contained within the police reports may have given him some reason to go to trial. Similarly, he did not identify any evidence from potential witnesses or that was contained in the tape recording of the victim's interview that may have led him to decide against pleading guilty. He did not identify any potential defense to the charge that may have resulted in a different decision*. In short, Ridgley simply made no effort to link his claims of deficient performance with his plea of guilty.

*Ridgley*, 227 P.3d at 931 (emphasis added).

The Idaho Supreme Court's resolution of Petitioner's claims that he would not have pleaded guilty but for the limited contact he had with counsel and counsel's failure to further investigate the case was a reasonable application of *Strickland* and *Hill*. The state district court held a hearing on Petitioner's motion to withdraw his guilty plea, at which both Petitioner and his former counsel testified. (State's Lodging A-3 at 5-78.) On the basis of the evidence and argument presented at that hearing, the court found that Petitioner told his counsel that he wanted to plead guilty:

> [I]n obtaining the plea bargain, [Petitioner's counsel] was following his client's wishes. Whether the police reports should have been reviewed with Defendant is not relevant because *Defendant was eager to plead guilty to avoid further injury to the victim and the take advantage of the plea bargain*. Under the circumstances of this case, *there was no requirement to engage in discovery once Defendant informed his counsel of his desire to plead guilty*.

**MEMORANDUM DECISION AND ORDER - 13**

(State's Lodging A-1 at 47.)

Petitioner does not appear to challenge the district court's finding that he told his attorney he wished to plead guilty. Rather, he argues that his attorney misled him: "[M]y first Public Defender spent less than an hour with me explained nothing and scared me to death about everything! My wife had died 36 hours before my arrest, which I thought was on suspicion of her Murder! That is all he talked about! I remember nothing about a preliminary hearing nor did I find out about any plea being entered until much later." (Pet. Reply, Dkt. 22, at 1.) But this argument does not establish that, even if Petitioner's attorney had performed deficiently under *Strickland*, Petitioner suffered prejudice. A mere statement that he would not have pleaded guilty is not sufficient. Similarly, Petitioner's claim that his attorney was later found "incompetent" by an Idaho court (*id*. at 2) does not establish a reasonable probability that, absent counsel's alleged errors, Petitioner "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Further, to the extent Petitioner does challenge the trial court's finding that he informed his counsel he wanted to plead guilty, he submits no evidence tending to show that the court's finding was unreasonable. *See* 28 U.S.C. § 2254(d)(2). The court made that finding after hearing testimony from Petitioner and from his former counsel. There is nothing in the record that would permit this Court to second-guess the state court's credibility determinations.

**MEMORANDUM DECISION AND ORDER - 14**

Petitioner also claims that there is no transcript of his plea hearing and that, therefore, his guilty plea "must be fabricated." (Pet. Reply, Dkt. 22, at 3.) Petitioner is mistaken. The transcript of the plea hearing was lodged by Respondent and is found in the record at State's Lodging A-2. During the hearing, the court engaged Petitioner in the following plea colloquy:

| | |
|---|---|
| THE COURT: | Are you pleading guilty because you are guilty? . . . |
| [PETITIONER]: | Yes, sir. |
| THE COURT: | Okay, has anyone made any threats or promises to you other than those that have been recited on the record here today to get you to plead guilty? |
| [PETITIONER]: | No, sir. |
| THE COURT: | Do you understand by pleading guilty you're giving up and waiving all the rights and defenses that you would otherwise have, retaining only your right to appeal whatever sentence the District Judge imposes and your right to be represented by your attorney at all significant stages of the proceedings? Do you understand that? |
| [PETITIONER]: | Yes, sir. |
| THE COURT: | Are you under the influence of any alcohol, drugs, or medication that could be affecting your decision to plead guilty at this time? |
| [PETITIONER]: | No. |

**MEMORANDUM DECISION AND ORDER - 15**

> THE COURT:        You have been thoroughly advised by
>                   your attorney of the potential maximum
>                   penalty for this or pleading guilty to this
>                   charge, which is up to life in prison?
>
> [PETITIONER]:     Yes, sir.

(State's Lodging A-2 at 3.)

After going through each of the trial rights Petitioner would be waiving by pleading guilty, the court asked, "Have you discussed those rights with you [sic] lawyer and do you have any questions about your rights?" (*Id*. at 4.) Petitioner responded, "I have and I don't, sir." (*Id*.)

Petitioner had no questions for the judge or his attorney at the time he entered his plea. He did not state that he felt his attorney had not spent the time required on the case, that he felt pressured into pleading guilty, or that he did not understand the proceedings. These facts support the Idaho Supreme Court's decision that Petitioner could not show prejudice from any error by his attorney with respect to investigation of the case or communication with Petitioner.

**4.     Analysis of Claim 1(a): Counsel's Failure to Seek a Competency Evaluation Before Petitioner Pleaded Guilty**

"A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal citations and quotation marks omitted). A defendant will be deemed competent so long as he has "the capacity to

**MEMORANDUM DECISION AND ORDER - 16**

understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

When a habeas petitioner argues that his attorney was ineffective to failing to seek a competency hearing prior to the petitioner's guilty plea, the prejudice inquiry boils down to one question: "[W]as there a reasonable probability that [the petitioner] would have been found incompetent to plead guilty?" *Deere v. Cullen*, 718 F.3d 1124, 1145 (9th Cir. 2013). The Idaho Supreme Court applied a similar standard, citing the Fifth Circuit's decision in *Bouchillon v. Collins*, 907 F.2d 589, 594 (5th Cir. 1990). This standard is simply an extension of the *Strickland* prejudice analysis; therefore, the Idaho Supreme Court's citation of the Fifth Circuit's decision was not "contrary to" *Strickland*. *See Harrington*, 131 S. Ct. at 784 (stating that "a state court need not cite or even be aware of our cases" to meet the standard of § 2254(d)).

The Idaho Supreme Court determined that Ridgley had failed to establish a reasonable probability that he would have been found incompetent to plead guilty:

> In discussing whether Ridgley's trial counsel should have ordered an evaluation, the district court stated that
>
> > [t]he only evidence offered in this case that Ridgley was emotionally distraught, in a state of shock, and incompetent are the allegations of Ridgley's own affidavit. Ridgley's own conclusory and bare assertions, alone, are not sufficient to survive summary dismissal.... *While Ridgley's affidavit does raise the fact issue that he was emotionally distraught when he entered the guilty plea, the affidavit offers no*

**MEMORANDUM DECISION AND ORDER - 17**

> *more than a mere conclusion that he was not*
> *competent to understand the nature of the*
> *proceedings and knowingly enter into a guilty*
> *plea*, and is unsupported by any facts as to the
> alleged mental incompetency.

The [district] court further stated that

> without something in the record suggesting that
> an examination in February 2002 would have
> shown [that Ridgley was incompetent] to
> proceed, there is nothing to satisfy the prejudice
> prong of Strickland.

> We note that the district court was not entirely accurate
> in saying that Ridgley offered nothing more on the issue of his
> incompetency than his own statements. Ridgley also offered
> the psychological evaluation prepared by Dr. Timlin for
> sentencing purposes nine months after Ridgley's plea in
> support of his claim that he was not competent to plead guilty.
> *Despite noting that Ridgley suffers from some indications of*
> *depression, post-traumatic stress disorder, and anxiety*
> *disorder, the report also states that Ridgley is "'oriented to*
> *person, place and time.'"* More importantly, the report
> addressed only Ridgley's mental state at the time it was
> prepared; *the report says nothing about Ridgley's mental state*
> *at the time he entered his plea—nine months earlier*.

*Ridgley*, 227 P.3d at 932 (emphasis added) (alterations in original).

This decision was eminently reasonable. It is not disputed that when Petitioner was

arrested, he was severely emotionally distraught. He was charged with lewd and

lascivious conduct against one of his daughters, his wife had just died, and he was

suspected of having something to do with her death. However, Petitioner has not

established a reasonable probability that he was so distraught he had no ability to

**MEMORANDUM DECISION AND ORDER - 18**

understand the proceedings against him. His attorney testified at the hearing on the

motion to withdraw the guilty plea that Petitioner seems alert and "knew exactly what he

was doing and what the plea bargain was and what he was assuming." (State's Lodging

A-3 at 42.) And as the Idaho Supreme Court noted, nothing in Dr. Timlin's report

suggested incompetence *at all*, much less incompetence at the time of Petitioner's guilty

plea.

  Further, in denying the motion to withdraw the plea, the trial court found that

Petitioner

> was informed that the potential maximum penalty [for the
> lewd conduct charge] was life imprisonment. He also was
> informed that the plea agreement would not be binding on the
> district court. The record shows that [Petitioner] expressed no
> confusion and sought no clarification about the charges or his
> rights during the plea hearing. He further admitted the
> allegations against him in the criminal complaint and waived
> the right to have an information filed against him.

(State's Lodging A-1 at 47.) The court also noted that Petitioner received a benefit from

the plea agreement in that additional charges were dismissed. (*Id*.) None of these findings

was unreasonable.

  Though it is clear that Petitioner was under substantial stress and emotional

upheaval at the time of his guilty plea, he has simply not shown a reasonable probability

that, had counsel requested a competency hearing, Petitioner would have been found

**MEMORANDUM DECISION AND ORDER - 19**

incompetent to stand trial or to plead guilty.[2]

## CONCLUSION

For the foregoing reasons, the Court will deny the Petition and dismiss this case

with prejudice.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Request for Reconcideration [sic] Concerning the Summery [sic]

Dismissal/Partial Summery [sic] Judgment Failure to Exhaust Idaho

Supreme Court Remedy (Dkt. 17) is DENIED.

2.    The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire

action is DISMISSED with prejudice.

3.    The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner

files a timely notice of appeal, the Clerk of Court shall forward a copy of

the notice of appeal, together with this Order, to the United States Court of

Appeals for the Ninth Circuit. Petitioner may seek a certificate of

---

[2] To the extent Petitioner challenges his guilty plea on the grounds that it was not knowing and voluntary, *see Godinez*, 509 U.S. at 401 n.12, the plea colloquy, as detailed above, shows that Petitioner understood the rights he was waiving by pleading guilty and that no one had promised him anything (with the exception of the dismissal of other charges as set forth in the plea agreement) in exchange for pleading guilty. Thus, he is not entitled to relief on that basis.

**MEMORANDUM DECISION AND ORDER - 20**

appealability from the Ninth Circuit by filing a request in that court.

DATED:  **January 27, 2014**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 21**